## NANCY J. CARPENTER *v.* B. B. BOOKER and wife.

PROBATE POINT: PLEADING.—A plea in bar of a petition for an issue *devisavit vel non*, setting up a former judgment of the court on the matter in controversy, is insufficient unless it offer to prove the matter pleaded by the record.

Appeal from the Probate Court of Tippah county. Hon. James Rogan, judge.

Booker and wife filed their petition in the court below against Nancy J. Carpenter, the executrix of the last will and testament of William Carpenter, deceased, asking for an issue *devisavit vel non* to test the validity of the said will; and alleging that the said William Carpenter was not of sound and disposing mind and memory when he executed the same, and that its execution was procured by undue influence.

The executor filed a plea to the petition, in substance as follows: That at the term of the court when said will was admitted to probate, the said Booker and wife, and the other heirs and distributees of said William Carpenter, deceased, appeared by their attorney, before your honor, and resisted the probate of said will; that to this end they introduced evidence tending, as they contended, to establish that the said testator, at the time of the execution of said will, was not of sound and disposing mind and memory, and that said will was procured by improper and undue influence; that after hearing all the evidence adduced by said parties on this point, and all the arguments of their attorneys, your honor caused your judgment to be entered of record. That, after hearing all and singular the proofs and allegations adduced, preferred, and submitted, and being satisfied that said instrument was fully and legally established, as the true and original last will and testament of the said William Carpenter, deceased, as to personalty, and that said

William Carpenter was of sound and disposing mind, memory, and understanding, and of right and in law entitled to make said will, that said will should be admitted to probate. And they relied on the said judgment in bar of the petition.

To this the petitioner excepted, because the matter therein pleaded was insufficient in law to bar them of the relief sought.

The court below sustained the exception, overruled the plea, and ordered an issue as prayed for, and the executrix appealed.

*O. Davis* and *F. Anderson*, for appellant.

*Thompson, Jackson*, and *Brougher*, for appellee.

FISHER, J., delivered the opinion of the court.

This was an application to the Probate Court of Tippah county, for an issue of *devisavit vel non* to the Circuit Court of said county, to try the fact whether a certain writing, was the last will and testament of one William Carpenter, deceased.

The executrix appeared, and pleaded in bar what is alleged to be a former judgment against the petitioners touching the matter in issue. The petitioners excepted to this plea, and the court, holding the exception as well taken, overruled the plea.

The exception it is said must be regarded as a special demurrer to the plea, and so regarding it, the plea, it is argued, was sufficient. We think the plea technically insufficient, as it does not offer to prove the matter pleaded by the record. We may, in conclusion, remark, that there is nothing in the record showing that any person opposed the probate of the will, at least the record contains no parties to any such proceeding.

Decree affirmed.

A reargument was asked for, but refused.